UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                               Criminal Case No. 04-cr-80567
v.                                                         Honorable Patrick J. Duggan

YUSEF MYLES,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

This matter presently is before the Court on Defendant's motion for a reduction of his sentence, filed July 8, 2013. In support of his request, Defendant relies on the Fair Sentencing Act of 2010 ("FSA")– which significantly reduced sentences for offenses involving crack cocaine– and the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012)– holding that the FSA applies to defendants who committed their crimes before, but were sentenced after, passage of the Act. The United States filed a response to the motion on August 7, 2013. For the reasons that follow, the Court denies Defendant's motion.

In an August 11, 2004 Indictment, a federal grand jury charged Defendant with felon in possession of a firearm in violation of 18 U.S.C. § 922(g), possession with intent to deliver cocaine base (crack cocaine) in violation of 21 U.S.C.

§ 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Defendant was designated as a career offender. On January 9, 2006, Defendant pleaded guilty to all three counts. In the Rule 11 Plea Agreement, the parties agreed that Defendant knowingly possessed over 50 grams of crack cocaine and that a sentence of imprisonment of 211-248 months was reasonable. The Presentence Investigation Report ("PSR") provided that the guideline range was 300 to 365 months for Counts 2 and 3 because Defendant was classified as a career offender under 18 U.S.C. § 924(c).

On December 12, 2006, this Court sentenced Defendant to a prison term of 240 months. No appeal was filed. As a result, Defendant's sentence became final before the enactment of the FSA. On December 3, 2013, an *en banc* panel of the Sixth Circuit Court of Appeals held that the FSA does not retroactively undo final sentences. *United States v. Blewett*, – F.3d –, 2013 WL 6231727 (en banc). Thus, regardless of whether Defendant was sentenced according to a guidelines range based on the amount of crack cocaine or his career offender status, he is not entitled to a reduction of his sentence.

The Court declines to issue a certificate of appealability with respect to this decision, to the extent one is required for Defendant to file an appeal.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reduction of Sentence is

**DENIED**.

Dated: December 17, 2013                s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Yusef Myles, #32814-039
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432-0010

AUSA John N. O'Brien, II